# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
JOANNA PARKER-WINTER        \*
as mother and natural guardian of    \*     No. 13-150V
AIDAN SCHEUNEMANN,       \*     Special Master Christian J. Moran
                                \*
          Petitioner,     \*
                                \*     Filed: January 23, 2014
v.                                  \*
                                \*
SECRETARY OF HEALTH      \*     Stipulation; multiple vaccines;
AND HUMAN SERVICES,      \*     eczema; atopic dermatitis;
                                \*     developmental and social delay.
          Respondent.     \*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Jeffrey S. Pop, Beverly Hills, CA, for Petitioner;
Michael P. Milmoe, U.S. Department of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION[1]

On January 16, 2014, respondent filed a joint stipulation concerning the petition for compensation filed by Joanna Parker-Winter on behalf of her son, Aidan Scheunemann, on February 28, 2013. In her petition, Ms. Parker-Winter alleged that the multiple vaccines which Aidan received between the ages of two to eighteen months, including Pentacel (DTaP-IPV, Hib), Prevnar (Pneumococcal Conjugate), RotoTeq (Rotavirus), Hepatitis A, Hepatitis B, Mumps-Measles-Rubella, and Varicella, which are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. §100.3(a), caused him to suffer eczema and/or atopic dermatitis and developmental and social delay. Petitioner further alleges that he suffered the residual effects of this injury for more than six months. Petitioner represents that there has been no prior award or settlement of a civil action for damages on Aidan's behalf as a result of his condition.

---

[1] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

Respondent denies that any of the vaccines Aidan received caused his eczema, atopic dermatitis, developmental and social delay, or any other injury, and further denies that Aidan's current disabilities are sequelae of a vaccine-related injury.

Nevertheless, the parties agree to the joint stipulation, attached hereto as "Appendix A." The undersigned finds said stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

Damages awarded in that stipulation include:

**A lump sum of $15,000.00 in the form of a check payable to petitioner, Joanna Parker-Winter, as guardian/conservator of Aidan's estate representing all damages available under 42 U.S.C. § 300aa-15(a).**

In the absence of a motion for review filed pursuant to RCFC, Appendix B, the clerk is directed to enter judgment in case 13-150V according to this decision and the attached stipulation.[2]

Any questions may be directed to my law clerk, Mary Holmes, at (202) 357-6353.

**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

OFFICE OF SPECIAL MASTERS

| | | |
|---|---|---|
| JOANNA PARKER-WINTER, as Mother and Natural Guardian of AIDEN SCHEUNEMANN, | ) ) ) ) | ECF |
| Petitioner, | ) ) | No. 13-150V Special Master |
| . v. | ) ) ) | Christian J. Moran |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) ) ) | |
| Respondent. | ) ) ) | |

## STIPULATION

The parties hereby stipulate to the following matters:

1. On behalf of her son, Aiden Scheunemann ("Aiden"), petitioner, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to Aiden's receipt of multiple vaccines that he received while he was between the ages of two to eighteen months, including Pentacel (DTaP-IPV, Hib), Prevnar (Pneumococcal Conjugate), RotoTeq (Rotavirus), Hepatitis A, Hepatitis B, Mumps-Measles-Rubella, and Varicella, which vaccines are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. Aiden received the above vaccines on March 3, 2010, May 4, 2010, July 6, 2010, October 5, 2010, January 11, 2011, April 12, 2011, and June 22, 2011.

3. The vaccines were administered within the United States.

1

4. Petitioner alleges that Aiden suffered from eczema and/or atopic dermatitis, as well as developmental and social delay, all caused-in-fact by the vaccines he received. Petitioner further alleges that Aiden suffered the residual effects of his injuries for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on Aiden's behalf as a result of his condition.

6. Respondent denies that any of the vaccines Aiden received caused his eczema, atopic dermatitis, developmental and social delay, or any other injury, and further denies that Aiden's current disabilities are sequelae of a vaccine-related injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $15,000.00 in the form of a check payable to petitioner as guardian/conservator of Aiden's estate representing all damages available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

2

10. Petitioner and her attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq,)), or entities that provide health services on a prepaid basis.

11. Petitioner represents that she presently is, or within 90 days of judgment will become, duly authorized to serve as guardian/conservator of Aiden's estate under the laws of the State of Michigan. No payment pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing her appointment as guardian/conservator of Aiden's estate.

12. Payments made pursuant to paragraph 8, and any amounts awarded pursuant to paragraph 9 of this Stipulation, will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

13. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

14. In return for the payments described in paragraphs 8 and 9, petitioner, in her individual capacity, and as legal representative of Aiden, on behalf of herself, Aiden, his heirs, executors, administrators, successors, and assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought,

3

could have been brought, or could be timely brought in the United States Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of Aiden resulting from, or alleged to have resulted from the vaccines administered to Aiden on March 3, 2010, May 4, 2010, July 6, 2010, October 5, 2010, January 11, 2011, April 12, 2011, and June 22, 2011, as alleged by petitioner in a petition for vaccine compensation filed on or about February 28, 2013, in the United States Court of Federal Claims as petition No. 13-150V.

15. If Aiden should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

16. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the United States Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

17. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

4

18. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the vaccines Aiden received between March 3, 2010 and June 22, 2011, caused Aiden's eczema, atopic dermatitis, developmental and social delay, or any other injury, or that his current disabilities are sequelae of his alleged vaccine-related injuries.

19. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns as legal representative of Aiden Scheunemann.

## END OF STIPULATION

5

Respectfully submitted,

PETITIONER:

_JOANNA PARKER-WINTER_

JOANNA PARKER-WINTER

.ATTORNEY OF RECORD FOR
PETITIONER:

JEFFREY S. POP, ESQ.
Jeffrey S. Pop and Associates
9107 Wilshire Boulevard
Suite 700
Beverly Hills, CA 90210
(310) 274-7749

AUTHORIZED REPRESENTATIVE OF
THE SECRETARY OF HEALTH AND
HUMAN SERVICES:

VITO CASERTA, M.D., M.P.H.
Acting Director, Division of Vaccine
Injury Compensation (DVIC)
Director, Countermeasures Injury
Compensation Program (CICP)
Healthcare Systems Bureau
U.S. Department of Health and Human Services
5600 Fishers Lane
Parklawn Building, Stop 11C-26
Rockville, MD 20857

DATE: 1/8/2014

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U. S. Department of Justice
P. O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146

ATTORNEY OF RECORD FOR
RESPONDENT:

MICHAEL P. MILMOE
Senior Trial Counsel
Torts Branch
Civil Division
U. S. Department of Justice
P. O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-4125

6